UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. SAVOCA, | ) | CASE NO.: 1:06CV1747 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter appears before the Court upon a timely motion to reconsider or amend filed by Petitioner Thomas Savoca. Savoca requests that this Court reconsider its judgment issued March 31, 2008, a judgment that denied Savoca's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court DENIES Savoca's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 31, 2008, this Court found that Savoca's § 2255 petition lacked merit. This Court reviewed the entire record before it and addressed each of the contentions raised in Savoca's petition. Finding that each contention lacked merit, the Court dismissed the petition. On April 14, 2008, Savoca moved to have that judgment reconsidered under Fed.R. Civ.P. 59(e). In his motion, Savoca claims that this Court failed to address each of his grounds for relief, clearly erred in determining the underlying facts related to his grounds for relief, and improperly denied him an evidentiary hearing. The Court addresses each of Savoca's contentions.

**APPLICABLE LAW**

This Court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of

law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted). In his motion, Savoca fails to identify which of the above theories supports his motion to reconsider. The Court, however, reviews the merits of each of his claims.

Savoca first argues that this Court failed to address each of his grounds for relief. However, Savoca does not identify which grounds for relief were not addressed. Instead, he challenges this Court factual determinations. As Savoca has not identified any ground for relief that this Court failed to address, his initial argument lacks merit.

Savoca next asserts that this Court failed to consider his supporting facts. Savoca alleges that the factual background of this matter supports his claim that evidence was fabricated and that an impermissible photo array was conducted. This Court thoroughly reviewed the claims raised by Savoca. In the entry dismissing Savoca's petition, the Court found that the record did not support Savoca's claims. The Court determined that the transcripts of Savoca's trial contradicted his factual assertions. While Savoca clearly disagrees with this conclusion, the Court's decision was supported by the factual record existing in this matter.

Finally, Savoca claims that this Court erred by failing to conduct an evidentiary hearing on his allegation of ineffective assistance of counsel. The Court finds no error in its decision. "[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' *Arredondo v. U.S.*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)). Savoca's claims of ineffective assistance of counsel were broad, conclusory statements with no supporting facts. Savoca alleged no specific instances in which his counsel failed to perform adequately. Rather, he asserted that his counsel failed to investigate defenses and experts,

without identifying what type of defenses or experts should have been investigated. Furthermore, Savoca offered no evidence of prejudice resulting from the alleged poor performance of his counsel. This Court, therefore, was not required to hold an evidentiary hearing.

**CONCLUSION**

Savoca has failed to demonstrate any error in the Court's prior ruling. Savoca's motion to reconsider, therefore, is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R. App.P. 22(b).

So ordered.

DATED: May 2, 2008                               /s/ John R. Adams
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT COURT